UNITED STATES Of America for the use of MARTIN MARIETTA MATERIALS, INC., and Martin Marietta Materials, Inc., Plaintiffs,

v.

NELSON, INC., and Great American Insurance Co., Defendants.

No. 2:10–cv–2832–dkv.

United States District Court,
W.D. Tennessee,
Western Division.

Oct. 3, 2012.

Matthew P. Gabriel, Shea Sisk Wellford, Martin Tate Morrow & Marston, Memphis, TN, for Plaintiffs.

Dedrick Brittenum, Jr., Brittenum Law PLLC, Memphis, TN, Elizabeth L. Gordon, Shields Mott Lund, LLP, New Orleans, LA, for Defendants.

ORDER DENYING NELSON'S MOTION FOR LEAVE TO AMEND THE ANSWER AND ORDER GRANTING MARTIN MARIETTA'S MOTION TO STRIKE THE COUNTER–COMPLAINT

DIANE K. VESCOVO, United States Magistrate Judge.

Before the court is the August 30, 2012 motion of the plaintiffs, United States of

America for the use of Martin Marietta Materials, Inc. and Martin Marietta Materials, Inc. (collectively referred to as "Martin Marietta"), seeking to strike the counter-complaint that the defendant, Nelson, Inc. ("Nelson"), filed on August 22, 2012. (Pls.' Mot. to Strike Def.'s Counter–Compl., D.E. 48.) In support of the motion, Martin Marietta argues that the claims Nelson asserts in the counter-complaint are compulsory counter-claims under Rule 13 of the Federal Rules of Civil Procedure and, as such, Nelson forfeited the right to bring them by failing to assert them in the answer to Martin Marietta's amended complaint or in a timely amendment thereto. To date, Nelson has not filed a response to the motion to strike the counter-complaint.

Also before the court is the September 14, 2012 motion of the defendant, Nelson, seeking leave under Rule 15(a)(2) of the Federal Rules of Civil Procedure to amend its answer to include the counterclaims that Martin Marietta argues are compulsory. (Def.'s Mot. for Leave to Amend Answer, D.E. 49.) On September 27, 2012, Martin Marietta filed a response in opposition to Nelson's motion for leave to amend. (D.E. 50.) The parties have consented to trial before the United States Magistrate Judge. For the reasons set forth below, Nelson's motion for leave to amend the answer is denied, and Martin Marietta's motion to strike the counter-complaint is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of a contract in which Nelson engaged Martin Marietta to supply stone for a United States Corps of Engineers ("the Corps") construction project, known as the Stone Dike Construction at Various Locations in the Mississippi River between River Miles 954.0 to 599.0 ("the project"), for which Nelson served as general contractor. On July 31, 2009, as required by the Miller Act, 40 U.S.C. § 3133 *et seq.*, Nelson obtained from Great American Insurance Co. ("Great American") a payment bond securing payment to Martin Marietta and other subcontractors working on the project.

Thereafter, Martin Marietta performed work on and supplied materials to the project pursuant to its obligations under the contract with Nelson. Martin Marietta then submitted invoices to Nelson requesting a total of $704,496.91 in payment for the services and materials supplied under the contract. According to Nelson's own calculations, however, the amount Nelson owed to Martin Marietta for equipment, materials, and services, was only $353,931.00. On February 9, 2010, the Corps terminated Nelson as the project's general contractor.

On November 19, 2010, Martin Marietta filed this lawsuit against Nelson and Great American seeking, under a number of legal theories, recovery of the full unpaid balance owed to Martin Marietta for the materials and services it supplied, and other damages. (Compl., D.E. 1.) According to the complaint, Nelson had failed to pay any of the invoiced amount of $704,496.91. (*Id.* ¶¶ 12, 16.) On April 27, 2011, Martin Marietta filed an amended complaint, seeking substantially the same relief and again alleging an unpaid amount of $704,496.91, which, when reduced by proceeds Martin Marietta had received from mitigation efforts, left a total balance due of $666,314.86. (Am. Compl., D.E. 35.) On June 27, 2011, while proceedings in this case were under a stay pending resolution of Nelson's Chapter 11 bankruptcy petition, Great American paid $353,931.00 to Martin Marietta pursuant to its suretyship obligations under the project's payment bond.

After the dismissal of Nelson's bankruptcy petition, the court issued an updated scheduling order on May 25, 2012, that established various dates and deadlines for the discovery process going forward in this case. (*See* First Am. Schedul. Order, D.E. 41.) As relevant here, the amended scheduling order adopted June 29, 2012, as the deadline for the parties to file amended pleadings. On July 13, 2012, Nelson filed an answer to Martin Marietta's amended complaint. (D.E. 46.) Then, on August 22, 2012, Nelson filed a counter-complaint asserting various claims against Martin Marietta. (Def.'s Counter–Compl., D.E. 47.) In the counter-complaint, Nelson alleges that Martin Marietta committed fraud by submitting inflated claims for

materials and services not used and/or not contemplated by the parties' contract and by submitting false invoices that failed to deduct Great American's $353,931 payment from the amount due under the contract.

Martin Marietta filed this motion to strike Nelson's counter-complaint on August 30, 2012. Martin Marietta argues that the counter-complaint should be stricken because the claims asserted therein are compulsory counterclaims, which, pursuant to Rule 13 of the Federal Rules of Civil Procedure, can only be asserted in a responsive pleading. (Pls.' Mem. Supp. Mot. Strike Def.'s Counter–Compl. 3–4.) Martin Marietta argues that Nelson's counter-complaint, essentially a stand-alone counterclaim, is improper because it was not filed as part of Nelson's answer to the amended complaint and is not itself a pleading under the Federal Rules of Civil Procedure. (*Id.*) Martin Marietta further argues that Nelson's counter-complaint can only be construed as an attempt to amend the answer, and, as such, the counter-complaint should be stricken because Nelson missed the scheduling order's June 29, 2012 deadline to amend pleadings. (*Id.*)

Nelson did not file a reply to Martin Marietta's motion to strike but, presumably instead, filed the instant motion seeking to amend its answer to assert the counter-claims contained in its previously filed counter-complaint. In the motion, Nelson cites, apparently as justification for its belated amendment, a "certified claim" that Martin Marietta allegedly submitted to Nelson at some point after Nelson filed its answer to the amended complaint. (Def.'s Mem. Supp. Mot. for Leave to Amend 2.) According to Nelson, the certified claim "confirmed the basis of the counterclaim[s]" that Nelson now seeks to assert against Martin Marietta. (*Id.*) Nelson further states that it "processed the certified claim from [Martin Marietta] for payment using funds provided by the United States Army Corps of Engineers" in "late July or early August 2012." (*Id.*) Nelson's motion is silent as to the contents or date of the alleged certified claim.

Martin Marietta opposes the motion seeking leave to amend the answer to assert counterclaims because it contends that the scheduling order's deadline for amending pleadings has passed, and Nelson has not shown good cause to modify the scheduling order. (Pls.' Resp. Opp'n. to Def.'s Mot. for Leave to Amend 4.) According to Martin Marietta, the "certified claim" to which Nelson refers is a July 9, 2012 email that Martin Marietta's counsel sent to Nelson's counsel in response to the latter's request for a summary of amounts owed in connection with the project. (*Id.* at 5–6.) Martin Marietta has included the July 9, 2012 email and a PDF attachment thereto as exhibits to its response in opposition to Nelson's motion for leave to amend. (*See id.*, Exs. A, B.) Martin Marietta contends that Nelson's receipt of the email and the PDF attachment entitled "Summary of Amounts Owed" could not have established or confirmed the factual bases for Nelson's counterclaims because these documents explicitly account for the $353,931 payment from Great American. (*Id.* at 5–6.)

Martin Marietta further argues that it will suffer prejudice if the untimely counterclaims are allowed because Nelson's bankruptcy action has already significantly delayed the case and because Martin Marietta will be forced to expend time and money defending claims that are "clearly" meritless. (*Id.* at 6.) Martin Marietta alternatively argues that the proposed counterclaims are futile because they would not survive a motion to dismiss. (*Id.* at 6–8.)

## ANALYSIS

**A. *Nelson's Motion for Leave to Amend the Answer***

 In order for the court to grant the relief that Nelson seeks in its motion for leave to amend the answer, the requirements of both Rule 16(b) and Rule 15(a) of the Federal Rules of Civil Procedure must be met. Although Rule 15(a) instructs courts to "freely give leave [to amend] when justice so requires," a Rule 16(b) scheduling order "controls the course of the action," and the expiration of a relevant scheduling order deadline may foreclose the parties' opportunity to rely upon Rule 15(a)'s liberal standard. *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir.2003) "Once a scheduling order's

deadline passes, a [party] must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Id.* The present motion of Nelson for leave to amend the answer was filed approximately two and one-half months after the Rule 16 deadline for amendments had passed. Accordingly, as a party seeking leave to amend *after* the deadline for amended pleadings, Nelson must first surmount a Rule 16 hurdle by showing good cause for a modification of the scheduling order to allow for the belated amendment.

### 1. *Good Cause Under Rule 16(b)*

Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). A modification of the scheduling order by leave of court is appropriate only when a relevant deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Leary,* 349 F.3d at 906 (quoting Fed.R.Civ.P. 16, ACN to 1983 amend.). As such, the moving party's diligence in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s "good cause" standard. *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir.2002) (citations omitted). It is important to note that "if a party is delayed in discovering the basis for amending its pleadings due to circumstances beyond its control, it may use that delay as a basis for arguing that a Rule 16(b) order deadline should be extended." *Permasteelisa CS Corp. v. Airolite Co., LLC,* No. 2:06–cv–0569, 2007 WL 1683668, at *2 (S.D.Ohio June 8, 2007) (citing *Noyes v. Kelly Servs.,* 488 F.3d 1163, 1173–74 (9th Cir.2007)). Prejudice to the non-moving party is a relevant consideration, "but the main focus should remain on the moving party's exercise of diligence." *Cooke v. AT & T Corp.,* No. 2:05–cv–374, 2007 WL 188568, at *2 (S.D.Ohio Jan. 22, 2007) (citing *Andretti v. Borla Performance*

*Indus., Inc.,* 426 F.3d 824, 830 (6th Cir. 2005)).

The key inquiry in the application of Rule 16(b)'s "good cause" standard here is whether Nelson was diligent in its efforts to meet the June 29, 2012 deadline for amending the pleadings.[1] Though it does not specifically address Nelson's failure to move for leave to amend in a timely fashion, Nelson's motion does refer to an incident that the court will presume Nelson offers as justification for its delay. According to Nelson, at some point after the deadline for amending pleadings passed, Martin Marietta "submitted to [Nelson] a certified claim which confirmed the basis of the counterclaim[s]" that Nelson now proposes. (Def.'s Mem. Supp. Mot. for Leave to Amend 2.) Nelson provides no further description of the alleged "certified claim," however, and the court is left to speculate concerning its nature and contents. Nelson has shown no evidence to the court of its receipt of a certified claim from Martin Marietta. The only evidence before the court of any recent communication between the parties concerning the amounts in controversy is the July 9, 2012 email and accompanying "Summary of Amounts Owed," which Martin Marietta, not Nelson, has presented. (*See* Pls.' Resp. Opp'n. to Def.'s Mot. for Leave to Amend, Exs. A, B.)

Nelson also does not explain why it could not have taken action to assert the proposed counterclaims prior to the expiration of the June 29, 2012 deadline. The court observes that the counterclaims, by their own language, purport to arise out of invoices that Martin Marietta "repeatedly" submitted over an unspecified period of time. (Def.'s Counter–Compl., D.E. 47 ¶ 16.) Nelson fails to explain why the very receipt of these invoices, which Nelson alleges were fraudulently inaccurate on their face, did not provide notice of potential fraud claims in ample time for Nelson to meet the June 29, 2012

---

1. Nelson's motion relies solely on Rule 15's liberal standard for amendments and does not address the Rule 16 standard. In fact, Nelson erroneously inverts the relative burdens applicable here by arguing that Martin Marietta "failed to provide good reason ... to deny ... leave to [a]mend." (Def.'s Mot. for Leave to Amend Answer, D.E. 49. at 3.) Because Nelson neither acknowledges, nor articulates a justification for, the untimeliness of its proposed amendment, the court is forced to rely on scant information otherwise before the court to determine the excusability of Nelson's failure to amend before the expiration of the Rule 16(b) deadline.

deadline. It appears to the court that the purported bases for Nelson's fraud counterclaims existed at the time that Nelson received the allegedly false invoices, and the court finds no basis for assuming that the receipt of the "certified claim" suddenly rendered these counterclaims amenable to prosecution.

The court will not attempt to fill in the dots to justify Nelson's delay in filing its counterclaims. Nelson has made no effort to substantiate or even describe the event that purportedly triggered the belated request for amendment. Because it appears Nelson became aware of the basis of the proposed counterclaims in advance of the June 29, 2012 deadline and because Nelson has not provided an adequate explanation for its delay in seeking to assert these claims, Nelson's failure to meet the deadline shows a lack of diligence, rendering the request to amend inexcusably untimely. *See Commerce Benefits Grp., Inc. v. McKesson Corp.,* 326 Fed. Appx. 369, 376 (6th Cir.2009) (upholding district court's denial of leave to amend because the plaintiff "could not adequately explain its delay in bringing the claims" and "the factual basis for the new claims existed at the beginning of the lawsuit"); *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 547 (5th Cir.2003) (affirming district court's denial of leave to amend where "[the defendant] was aware of the ... basis of its proposed amendment months in advance of the deadline and [did] not offer a satisfactory explanation for its delay in seeking leave to amend").

Accordingly, the court finds that Nelson has not established good cause for amending the scheduling order under Rule 16(b). Because the court does not find good cause to amend the scheduling order, it is not necessary to consider whether Martin Marietta would suffer prejudice by allowing such an amendment.

### 2. *Leave to Amend the Complaint Under Rule 15(a)*

Because the court finds no good cause to amend the scheduling order under Rule 16(b), it will not address whether leave to amend is appropriate under Rule 15(a). Nelson's motion to amend the complaint is de-nied for undue delay. *See Leary,* 349 F.3d at 909.

### B. *Martin Marietta's Motion to Strike the Counter–Complaint*

Nelson has attempted to assert counterclaims against Martin Marietta in a document styled "Counter–Complaint." Martin Marietta argues that the counter-complaint should be stricken, in part, because it is procedurally improper. As a preliminary matter, Nelson's counsel should note that a stand-alone "counter-complaint" is not a recognized pleading under the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 7(a) (providing an exhaustive list of permissible pleadings); *Wiemann v. Guarise,* No. 09 C 121, 2009 WL 855635, at *1 (N.D.Ill. Mar. 30, 2009) (noting that " 'Counter–Complaint' is a species (or genus) unknown to the Federal Rules of Civil Procedure" and instructing counsel to "modify his pleading vocabulary"). As the court interprets it, Nelson's counter-complaint here functions as an amendment to his previously filed answer.

For purposes of ruling on Martin Marietta's motion to strike, therefore, the court will educe from the counter-complaint a permissible pleading in the form of an amended answer containing the counterclaims that Nelson asserted in the counter-complaint. *See Weitzman, LLC v. Micro Computer Res., Inc.,* No. 06–60237–CIV, 2007 WL 744649, at *3 (S.D.Fla. Mar. 6, 2007) (construing defendant's stand-alone filing of a counterclaim months after the filing of its answer, as "part of [the filing of] an [a]mended [a]nswer"); *Columbia Gas Transmission, LLC v. Singh,* No. 2:11–CV–485, 2012 WL 1020249, at *11 (S.D.Ohio Mar. 26, 2012) (construing defendants' *pro se* filing of a document styled "Counter–Complaint" as instead the filing of a counterclaim).

Having cured the procedural defect in the form of Nelson's filing, the court will now address the issue of timeliness. Martin Marietta argues that Nelson's attempt to assert counterclaims against Martin Marietta is foreclosed by the scheduling order's June 29, 2012 deadline for amended pleadings. The court agrees. Nelson filed the "amended answer," without leave of court, approximate-

ly two and one-half months after the scheduling order's deadline for amended pleadings. As set out above, the Rule 16(b) standard governs the permissibility of amended pleadings filed after the scheduling order deadline, and Nelson has failed to establish "good cause" to allow for a belated amendment under that standard. Accordingly, the motion to strike is granted.

## CONCLUSION

For the foregoing reasons, Nelson's motion for leave to amend the complaint is DENIED and *Martin Marietta's* motion to strike the counter-complaint is GRANTED.